IN RE: JAMES A. KING, ADMINISTRATOR, C.T.A. OF THE ESTATE OF GARLAND C. NORRIS, DECEASED AND TRUSTEE OF THE TRUST UNDER THE WILL OF GARLAND C. NORRIS FOR MARY N. KING AND FRANCES HILL NORRIS ET AL., AND OF THE TRUST UNDER THE WILL OF GARLAND C. NORRIS FOR MARY BOLDRIDGE NORRIS

No. 8510SC602

(Filed 4 February 1986)

**Executors and Administrators § 37— administration fees—time action was "initiated"—increase in fees inapplicable**

An amendment to N.C.G.S. 7A-307 increasing the fees assessed in the administration of estates which stated that the amendment "shall become effective August 1, 1983, and shall apply to all actions initiated on and after that date" was inapplicable to decedent's estate, since the estate was opened for probate on 23 October 1980 and letters of trusteeship for each of the trusts established in the will were issued on 23 July 1981; further, the fact that court involvement continued past the effective date of the amendment would not subject the estate to higher administration fees.

APPEAL by the Clerk of Superior Court of Wake County from *Bailey, Judge*. Order entered 5 March 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 21 November 1985.

North Carolina General Statute 7A-307 sets the fees assessed in the administration of estates. This appeal concerns the interpretation of the provision governing the effective date of amendments to the statute increasing those fees. The provision states that the amendments "shall become effective August 1, 1983, and shall apply to all actions initiated on and after that date." 1983 Session Laws, c. 713, s. 109.

Garland C. Norris died on 30 September 1980. On 23 October 1980, the decedent's will was admitted to probate in Wake County Superior Court and the clerk appointed James A. King as Administrator C.T.A. of the estate. Upon appointment King filed a preliminary inventory of the estate with the clerk. On 27 October 1980 and 19 January 1981, the estate paid to the clerk the maximum filing fees pursuant to G.S. 7A-307(a)(2).

On 23 July 1981, the clerk issued Letters of Trusteeship naming James A. King as trustee of two trusts established by the will of the deceased. King filed initial inventories of the trusts with the clerk on 10 November 1981 and paid the appropriate fees pursuant to G.S. 7A-307(a)(2). On 20 August 1982, King filed annual accounts for the trusts and again paid the appropriate fees pursuant to the statute.

After 1 August 1983, King presented a final account for the estate to the clerk. At such time the clerk assessed additional fees of $1,100 under the authority of G.S. 7A-307(a)(2) as amended on 8 July 1983.

Annual accounts for the trusts were filed with the clerk on 19 September 1983 and inventory fees greater than those allowed prior to the amendment of G.S. 7A-307(a)(2) were assessed. On 30 May 1984, the clerk entered an order directing King as administrator and trustee to pay the clerk the sums assessed in accordance with the amended statute.

King appealed to the superior court. After hearing arguments by counsel, the court made the following conclusions of law:

1. Since the Estate of Garland C. Norris was opened for probate on October 23, 1980, the costs to be assessed against the Estate of Garland C. Norris are governed by G.S. § 7A-307(a)(2) as it existed prior to its amendment on July 8, 1983. Under the former G.S. § 7A-307(a)(2) a maximum cumulative fee of $2,000.00 could be assessed and such maximum cumulative fee has been assessed and collected for the Norris Estate.

2. The filing of the final account in the Norris Estate after August 1, 1983, did not constitute the initiation of an action so as to make the provisions of amended G.S. § 7A-307 (a)(2) applicable.

3. Since Letters of Trusteeship for Trust A and Trust B were issued on July 23, 1981, the costs to be assessed against such Trusts are governed by G.S. § 7A-307(a)(2) as it existed prior to its amendment on July 8, 1983. Under the former G.S. § 7A-307(a)(2) a maximum cumulative fee of $2,000.00 could be assessed against each Trust.

4. The filing of annual accounts with respect to Trust A and Trust B after August 1, 1983, did not constitute the initiation of an action so as to make the provisions of amended G.S. § 7A-307(a)(2) applicable.

The court therefore ordered that the clerk recover no additional fees from the estate and that the fees assessed against the trusts be those set forth in the statute prior to the 8 July 1983 amendments.

From the order entered by the court, the clerk of superior court appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Reginald L. Watkins, for appellant.*

*Poyner, Geraghty, Hartsfield & Townsend, by N. A. Townsend, Jr., Cecil W. Harrison, Jr. and Robert B. Womble, for appellee.*

ARNOLD, Judge.

Appellant contends that the superior court erred in concluding that the costs to be assessed against the estate and the

two trusts are governed by G.S. 7A-307(a)(2) as it existed prior to its amendment. Appellant maintains the important factor is that the administration of the estate and of each trust continued after 1 August 1983, the effective date of the amendments. In support of this argument, appellant relies upon the interpretation made by the Administrative Office of the Courts in a memorandum sent to the clerks of the superior courts which in pertinent part provided:

> Problems will arise in the determination of charges when the estate has been opened before August 1, 1983, but proceedings in the estate are still pending. . . . [A]s to estates which were opened prior to August 1, 1983, the old fees should be charged up to, *but not including, the first annual accounting.* . . . For the first *annual* accounting, and for all proceedings thereafter the new schedule of fees and costs would apply. (Emphasis in original.)

The sole issue presented for review is the interpretation of the term "actions initiated" in the directive stating that the amendments to G.S. 7A-307(a)(2) "shall become effective August 1, 1983, and shall apply to all actions initiated on and after that date." 1983 Session Laws, c. 713, s. 109. Chapter 713 of the 1983 North Carolina Session Laws does not define "actions initiated." Accordingly, we must resort to rules of statutory construction in determining the meaning and effect of these words.

The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. To ascertain this intent the courts should consider the language of the statute, the spirit of the Act and what it sought to accomplish, the change or changes to be made and how these should be effectuated. The statute should be construed contextually and harmonized if possible to avoid absurd or oppressive consequences. *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427 (1970).

First, we note that an estate proceeding is technically not an "action" within the meaning of G.S. 1-4 which defines actions as including only criminal and civil actions. Yet, as appellant and appellee concede, the legislature intended that the word "action" include estate proceedings in this limited instance.

Second, the legislature mandated that the amendments, including those to G.S. 7A-307, applied to all actions "initiated" on or after 1 August 1983. Therefore, the question becomes: when is an estate proceeding "initiated"? We agree with the superior court that the proceedings regarding estate administration were "initiated" prior to 1 August 1983 since the estate was opened for probate on 23 October 1980. We further agree with the superior court that any action or proceeding relating to the trusts was "initiated" prior to 1 August 1983 since Letters of Trusteeship for each of the trusts were issued on 23 July 1981.

This interpretation and its resulting effect on estate proceedings is consistent with the effect of the 1983 amendments on fees in criminal and civil actions. A criminal action is initiated upon the issuance of criminal process or the return of a bill of indictment or related instrument. G.S. 15A-301, *et seq.*; G.S. 15A-641, *et seq.* A civil action is initiated upon the filing of a complaint with the court or the issuance of a summons pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. Each of these type actions, as in the administration of a trust or an estate, requires further involvement of the court. Yet neither the criminal action nor the civil action is subject to the higher fees simply because court involvement continues past the effective date of the amendment. There is no language within the Act to amend to indicate that the legislature intended to treat estate proceedings differently from criminal or civil actions. Therefore, the same result as to trust and estate administration would seem to be the intent of the legislature.

The order of the superior court is therefore

Affirmed.

Judges WELLS and PARKER concur.